UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.     5:98-CR-193-1-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STEVE F. MCDONALD | ) | |

This matter is before the court on defendant's motion for clarification of the judgment of conviction entered 18 October 1999.  The government filed a response to the motion.  Defendant filed a motion for summary judgment and response in opposition.

According to defendant, on 19 September 1998, he was arrested by state authorities in New York for possession of cocaine base.  (7/25/06 Mot. at 1.)  On 3 December 1998, he was indicted in this court for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base and for distribution of cocaine base.  On 4 February 1999, the New York state court sentenced him to three years to life imprisonment, with the sentence to run concurrently with any federal sentence.  (Id.)  After defendant pled guilty to the conspiracy count, on 12 October 1999, this court sentenced defendant to 179 months imprisonment, with the recommendation that the Bureau of Prisons

> designate the Rikers Island State Correctional Facility in East Elmhurst, New York, to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in Docket Number 8165-98.
> That, to the extent the defendant qualifies under BOP rules and regulations, he be allowed to serve any remaining federal sentence at FCI Butner.

(J&C at 2.)  BOP apparently followed this recommendation.  However, according to defendant,

BOP has determined that defendant's federal sentence commenced on 12 October 1999, when the undersigned sentenced defendant, rather than on 19 September 1998, when New York authorities arrested defendant and for which he has apparently received credit towards his New York sentence. (See 7/25/06 Mot. at 2.) Defendant argues that this court should deem his federal sentence to have commenced as of that earlier date.

The court construes defendant's motion as one pursuant to 28 U.S.C. § 2241 as his claim regards the execution of his sentence.[1] The court agrees with the government that defendant's federal sentence commenced on 12 October 1999. Title 18, United States Code, Section 3585(a) provides in relevant part that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Thus, "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence. When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998). Here, defendant was not received in federal custody until 12 October 1999, the date this court imposed his sentence and the date BOP has designated the New York state facility for service of the federal sentence.

---

[1] The court recognizes that ordinarily the movant must first exhaust his administrative remedies before seeking review under § 2241. Bost v. Adams, No. 1:04-0446, 2006 WL 1674485, *6 (S.D. W. Va. June 12, 2006). This exhaustion requirement is judge-made, and therefore, it "may be waived in certain circumstances," such as when pursuing administrative remedies would be futile. Id. Because the court finds defendant's claim to lack merit, discussed *infra*, the court will not require defendant to exhaust any administrative remedies. See Esquivel-Torres v. Scibana, No. CIV-06-242-M, 2006 WL 2373203, *2 n.2 (W.D. Ok. Aug. 14, 2006) (finding it unnecessary to resolve any dispute about whether the respondent had fully exhausted his administrative remedies because his claims lacked merit).

This determination is supported by the record. The undersigned does not have an independent recollection of defendant's sentencing, and the court must rely exclusively on the record before it. There is no evidence in the record that the undersigned intended that defendant's federal sentence commence prior to the date it was imposed[2] or that he receive credit for that time spent in state custody prior to his federal sentencing. It is significant to note that the court did not state "defendant shall receive credit for that portion of his state sentence already served" or words to that effect in the judgment. Cf. Rios v. Wiley, 201 F.3d 257, 266-70 (3d Cir. 2000) (the sentencing court's use of the language "credit for time served," supported by other things in record, evidence the court's intent to adjust the defendant's sentence to account for time detained on a federal writ while serving a state sentence). Without any evidence tending to indicate otherwise, the court must conclude that defendant's sentence commenced on the date of imposition, 12 October 1999.

To the extent defendant could be deemed to claim that BOP has not properly awarded him credit for his time in state custody pursuant to 18 U.S.C. § 3585(b), such a claim is also without merit. This statute requires credit for certain presentence custody.[3] BOP cannot,

---

[2] The court questions whether it would even have the authority to order a defendant's sentence fully retroactive to the commencement of a prior state sentence. See Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983)(recognizing that precedent under predecessor statute to § 3585 confirms that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with *the remainder* of the one then being served." (emphasis in original)); Esquivel-Torres, at *2 ("[T]he imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the undischarged portion of the previously imposed sentence. 'Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" (citations omitted) (second alteration in original)).

[3] The statute reads:
(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(continued...)

3

however, award credit that has already been given on another sentence. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); Dais v. LaManna, No. 9:05-2797, 2006 WL 2642604, *6 (D.S.C. Sept. 13, 2006); Esquivel-Torres, at * 3. Here, as noted, New York has credited the time since defendant's arrest there towards his New York sentence. As such, BOP cannot credit defendant's federal sentence with that same time.

Finally, defendant claims BOP violated U.S.S.G. § 5G1.3(b)[4] by not adjusting defendant's sentence for the period of time he had already served on the New York sentence. (9/22/06 Mem. at 2.) It is the court, not BOP, who must consider the Guidelines and make any adjustment under § 5G1.3(b). Defendant should have raised any error concerning the court's application of § 5G1.3(g) on direct appeal of his judgment. Defendant did not appeal from his judgment. Thus, his only recourse for this alleged error, which concerns the imposition of his sentence, would be via 28 U.S.C. § 2255. See Dais, at *6. However, claims concerning a court's misapplication of the guidelines are ordinarily not proper under § 2255, see United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999), and the one-year period for defendant to file a §

---

[3](...continued)
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the
        commission of the offense for which the sentence was imposed;
        that has not been credited against another sentence.
18 U.S.C. § 3585(b).

[4] In a nutshell, under U.S.S.G. § 5G1.3(b), in conjunction with its Application Note 2, a court may adjust the sentence for any time the defendant had already served on another sentence as a result of the conduct taken into account in determining the guideline range for the instant offense if that time would not have been credited to the sentence by BOP. United States v. Dorsey, 166 F.3d 558, 560 (3d Cir. 1999). The Note advises that the sentencing court should note on the judgment the application of § 5G1.3(b) and other details concerning the credit being given. U.S.S.G. § 5G1.3(b), App. Note 2(c).

2255 petition has likely expired, see 28 U.S.C. § 2255 ¶ 6(1) (one-year limitation period runs from "the date on which the judgment of conviction becomes final").

Defendant's § 2241 petition is DISMISSED and his motion for summary judgment is DENIED as moot.

This 11 December 2006.

                                        W. Earl Britt
                                        Senior U.S. District Judge

us/sfm/acp

5

Case 5:98-cr-00193-BR   Document 36   Filed 12/11/06   Page 5 of 5